IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ASSOCIATED MANAGEMENT SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| | ) No. 4:19-cv-01841 |
| v. | ) ) |
| CAPSTAN HEALTHCARE, LLC, d/b/a CAPSTAN RX, SYED HAROON ZULFIQAR, d/b/a CAPSTAN RX, and NORTH G RX, LLC, d/b/a CAPSTAN RX, | ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO AMENDED
## CLASS ACTION JUNK-FAX PETITION

Defendants Capstan Healthcare, LLC d/b/a Capstan RX, Syed Haroon Zulfiqar d/b/a Capstan RX, and North G, RX, LLC, d/b/a Capstan RX ("Defendants") answer the Amended Class Action Junk-Fax Petition filed by Plaintiff Associated Management Services, Inc. ("Plaintiff") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Defendants admit this allegation.

2. Defendants admit this allegation.

3. Defendants admit this allegation.

4. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

5. Defendants admit this allegation.

6. Defendants admit this allegation.

1

7. Defendants admit this allegation.

8. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

9. Defendants admit this allegation.

10. The allegation in this paragraph is a legal conclusion to which no response is necessary. To the extent that a response is necessary, Defendants denies this allegation.

11. The allegation in this paragraph is a legal conclusion to which no response is necessary. To the extent that a response is necessary, Defendants denies this allegation.

**THE FAX**

12. Defendants deny the allegations in this paragraph.

13. Defendants are without knowledge to admit or deny the allegation that "most unsolicited faxes" are "one or two pages long," otherwise the fax is a document that speaks for itself.

14. Defendants are without knowledge to admit or deny the allegation that Plaintiff received the fax attached to the petition through Plaintiff's facsimile machine.

15. Defendants deny the allegation in this paragraph.

16. Defendants admit the allegation in this paragraph.

17. Defendants deny the allegations in this paragraph.

18. Defendants deny the allegations in this paragraph.

19. Defendants deny the allegations in this paragraph.

20. Defendants deny the allegations in this paragraph.

21. Defendants deny the allegations in this paragraph.

22. Defendants deny the allegations in this paragraph.

23. The allegations in this paragraph are legal conclusions to which no response is

necessary. To the extent that a response is necessary, Defendants deny these allegations.

24. Defendants deny the allegations in this paragraph.

25. Defendants deny the allegations in this paragraph.

26. Defendants deny the allegations in this paragraph.

27. Defendants deny the allegations in this paragraph.

28. Defendants deny the allegations in this paragraph.

29. Defendants deny the allegations in this paragraph.

30. Defendants deny the allegations in this paragraph.

31. Defendants deny the allegations in this paragraph.

32. Defendants deny the allegations in this paragraph.

**CLASS ACTION ALLEGATIONS**

33. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

34. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

35. The allegations in this paragraph and sub-paragraphs (a) through (e) are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

36. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

37. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

38. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

39. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

40. The allegations in this paragraph and sub-paragraphs (a) through (d) are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

41. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

42. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

43. The allegations in this paragraph are legal conclusions to which no response is necessary. To the extent that a response is necessary, Defendants deny these allegations.

Defendants deny Plaintiffs' prayer and requested relief contained in the unnumbered paragraph and sub-paragraphs (a) through (i).

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses:

1. Plaintiff and/or the putative class members lack standing because they did not suffer contract and particularized harm, subjecting their claims to dismissal under Federal Rules of Civil Procedure, Rule 12(b)(1).

2. Plaintiff and/or the putative class members lack standing because they did not suffer contract and particularized harm, receive the alleged faxes, subjecting their claims to dismissal under Federal Rules of Civil Procedure, Rule 12(b)(1).

3. Plaintiff's claims fail to state a claim for relief under Federal Rules of Civil Procedure, Rule 12(b)(6).

4. Plaintiff is unable to maintain a private right of action for violation of Missouri business registration statutes.

5. Defendants are not subject to jurisdiction in Missouri, are not Missouri citizens, and were not conducting business in Missouri, subjecting their claims to dismissal under Federal Rules of Civil Procedure, Rule 12(b)(2).

6. Plaintiff's claims are barred by the doctrine of consent. On information and belief, consent had been obtained from any recipients, or any recipients had confirmed that they had an established business relationship with Defendants, or that the numbers were obtained directly from the recipient, or from the recipient's own directory, or from recipient's internet posting(s) or advertising material.

7. Certifying a class is inappropriate because individual inquiries will be required for each communication in order to determine whether the recipient(s) suffered an actual injury in fact, as required by Article III of the United States Constitution.

8. On information and belief, members of the alleged class did or may have received communications on devices other than those covered by the statute, and individual inquiries would be required to determine how each class member received the communications at issue.

9. Certifying a class with respect to the violations alleged herein would violate due process because the application of Rule 23, taken in conjunction with the statute's generous statutory minimum damages is duplicative, unduly punitive, grossly disproportionate to any harm allegedly caused, and inequitable.

10. Plaintiff's claims are barred by waiver.

11. Plaintiff's claims are barred by estoppel.

12. Plaintiff's claims are barred because the actions or inactions complained of are attributed to a third party over whom Defendants exercised no control and for whom Defendants have no responsibility.

13. Plaintiff cannot adequately represent the class proposed by Plaintiff.

14. Plaintiff cannot establish the requirements for a class to be certified.

15. Plaintiff's claims are barred because Defendants acted in good faith according to applicable law.

16. Defendants reserve the right to assert additional affirmative defenses as the matter progresses.

WHEREFORE, Capstan Healthcare, LLC, d/b/a Capstan RX, Syed Haroon Zulfiqar d/b/a Capstan RX, and North G RX, LLC, d/b/a Capstan RX pray that the claims asserted by Associated Management Services, Inc. and any other claims be denied and dismissed and that they be granted all relief to which they are entitled.

Dated: July 3, 2019.

/s/ William Akins
William J. Akins (pro hac vice to be filed)
State Bar No. 24011972
FisherBroyles LLP
100 Congress Avenue
Suite 2000
Austin, Texas 78701
Telephone: 214-924-9504
william.akins@fisherbroyles.com

Attorneys for Defendants

Respectfully submitted,

/s/ Michael B. Hunter
Michael B. Hunter, #45097MO
Andreea T. Sharkey, #70399MO
100 N. Broadway, 21st Floor
St. Louis, Missouri 63102
(314) 345-5000
(314) 345-5055 (fax)
mhunter@bscr-law.com
asharkey@bscr-law.com

Attorneys for Defendants