**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **ASSOCIATED MANAGEMENT SERVICES, INC.,** | ) ) ) | **No. 4:19-cv-01841-JAR** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **CAPSTAN HEALTHCARE, LLC d/b/a CAPSTAN RX, et al.,** | ) ) ) ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**</u>

Plaintiff Associated Management Services, Inc. (AMS), submits this Memorandum in Support of Plaintiff's Motion for Remand.  (Doc. 22.)

## I.   FACTS

On January 1, 2019, AMS filed this junk-fax class action in state court in the Eleventh Judicial Circuit in St. Charles County.  Originally, AMS named two defendants: Defendant Capstan Healthcare, LLC d/b/a Capstan Rx and Defendant Syed Haroon Zulfiqar d/b/a Capstan Rx.  With leave of court, AMS filed its Amended Class Action Junk-Fax Petition, adding Defendant North G Rx, LLC d/b/a Capstan Rx as party. (Doc. 8.)

On June 26, 2019, North G Rx, LLC, with consent of Defendants Capstan Healthcare, LLC and Zulfiqar (Doc. 1 at 3), removed the action to this Court.  In its notice of removal, North G Rx, LLC, cited two out-of-circuit cases where motions to remand cases were denied.  (*Id.*)  North G Rx, LLC, also cited two TCPA cases within this district were remand motions were denied.  (*Id.* (citing *Heller v. HRB Tax Group,*

*Inc.*, No. 4:11CV1121, 2012 WL 163842 (E.D.Mo. Jan. 19, 2012); *Nack v. Walburg*, No. 4:10CV00478 AGF, 2011 WL 310249, at *4 n.2 (E.D. Mo. Jan. 28, 2011), *rev'd and remanded*, 715 F.3d 680 (8th Cir. 2013).)

After removal, Defendants jointly filed Defendants' Answer to Amended Class Action Junk-Fax Petition and pleaded numerous affirmative defenses, including the following that concern jurisdiction:

> 1.  Plaintiff and/or the putative class members lack standing because they did not suffer con[crete][1] and particularized harm, subjecting their claims to dismissal under Federal Rules of Civil  Procedure, Rule 12(b)(1).

> 2.  Plaintiff and/or the putative class members lack standing because they did not suffer con[crete] and particularized harm, receive the alleged faxes, subjecting their claims to dismissal under Federal Rules of Civil Procedure, Rule 12(b)(1).

(Doc. 14 at 4.)

In addition, in their joint answer to AMS's amended pleading, Defendants all denied that "[t]he transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury."  (Doc. 8 at 7 ¶ 31; Doc. 14 at 3 ¶ 31.)

---

[1] Defendants used the word "contract," but that appears to have been in error, because this action does not concern a contract and "concrete and particularized" harm is the relevant standard, not "contract" injury or harm.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016) ("To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'").

## II.       DISCUSSION

"'Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand.'"  *Czapla v. Republic Servs., Inc.*, 372 F. Supp. 3d 878, 880 (E.D. Mo. 2019) (quoting *Madderra v. Merck Sharpe & Dohme Corp.*, No. 4:11CV1673, 2012 WL 601012, at *1 (E.D. Mo. Feb. 23, 2012)); *accord In re Prempro Prod. Liab. Litig.,* 591 F.3d 613, 620 (8th Cir. 2010) ("All doubts about federal jurisdiction should be resolved in favor of remand to state court."); *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007) (*same*); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (*same*).

It was only after the 2012 decision by the United States Supreme Court in *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2012), that federal courts regularly asserted concurrent jurisdiction with state courts over TCPA cases.  Before *Mims*, TCPA cases were commonly filed in state courts, not federal courts.  *See, e.g.*, *All Am. Painting, LLC v. Fin. Solutions & Assocs., Inc.*, 315 S.W.3d 719 (Mo. banc 2010); *Harjoe v. Herz Fin.*, 108 S.W.3d 653 (Mo. banc 2003); *Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306 S.W.3d 577 (Mo. Ct. App. E.D. 2010).

All of the cases cited in Defendant North G Rx, LLC's notice of removal predated the Eighth Circuit Court of Appeals's decision in *St. Louis Heart Center, Inc. v. Nomax*, 899 F.3d 500 (8th Cir. 2018), *cert. denied*, 139 S.Ct. 11908 (2019).   Remand is compelled by the Eighth Circuit's recent decision in *Nomax*.

*Nomax* was a TCPA junk-fax case initially filed in state court.  *Id.* at 501-02.  The defendant removed the case to federal court, and then moved to dismiss the complaint for lack of Article III standing.  *Id.* at 502.  The district court ruled, based on the facts of

that case, that the plaintiff lacked standing and then the court dismissed the action with prejudice. *Id.* at 503.

On appeal, the Eighth Circuit agreed with the district court that, based on the facts of that case,[2] Article III standing was lacking; however, the Eighth Circuit concluded that the proper disposition was not dismissal but rather remand to the state court under 28 U.S.C. § 1447(c). *Id.* at 503. The Eighth Circuit therefore vacated the judgment of dismissal and remand with instructions to return the case to state court, noting that "state courts are not bound by the limitations of an Article III case or controversy." *Id.* at 505; *see* U.S. Const. art. III § 2 cl. 1.

AMS is not arguing that federal courts cannot have Article III standing over TCPA cases but rather that Defendants should not be able to invoke federal subject matter jurisdiction in a particular TCPA case and then take the inconsistent position that the claims against them should be dismissed for lack of subject matter jurisdiction. As this Court has recognized, any doubt should be resolved in favor of remand. *See Czapla*, 372 F. Supp. 3d at 880; *Beaton v. Rent-A-Center, Inc.*, 312 F. Supp. 3d 772, 775 (E.D.Mo. 2018). Given Defendants' position that AMS and the Class lack Article III standing, Defendants should have left the case to be resolved where it was filed—in state court. Remand is warranted.

WHEREFORE, Plaintiff Associated Management Services, Inc., seeks an order of remand.

---

[2] St. Louis Heart Center's definition of the class identified in the complaint included those individuals who <u>did</u> consent to receive the challenged faxes. *Id.* at 502, 504.

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg
      Ronald J. Eisenberg, #48674MO
      640 Cepi Drive, Suite A
      Chesterfield, MO 63005
      636-537-4645
      Fax:  636-537-2599
      reisenberg@sl-lawyers.com

      *Attorney for Plaintiff*