UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASSOCIATED MANAGEMENT SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) No. 4:19-CV-01841-JAR |
| v. | ) ) ) |
| CAPSTAN HEALTHCARE, LLC d/b/a CAPSTAN RX, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Associated Management Services, Inc.'s motion to remand. (Doc. No. 22). Defendants Capstan Healthcare, LLC d/b/a Capstan Rx, Syed Haroon Zulfiqar d/b/a Capstan Rx, and North G Rx, LLC d/b/a Capstan RX, oppose the motion. (Doc. No. 24). The matter is fully briefed and ready for disposition. For the reasons set forth below, the Court will deny the motion.

### I.  Background

On January 1, 2019, Plaintiff filed this junk fax class action in the Eleventh Judicial Circuit in St. Charles County, Missouri. On June 26, 2019, Defendant North G Rx, LLC, with the consent of the other defendants, removed the action to federal court.[1] On July 3, 2019, Defendants filed their joint answer to the amended complaint and asserted two affirmative defenses that Plaintiff and/or the putative class members lacked standing because they did not suffer concrete and particularized harm. (Doc. No. 14 at ¶¶ 1-2).

---

[1] Removal was timely filed within 30 days after service of the summons and petition on Defendant North G Rx.

1

On July 29, 2019, Plaintiff filed this motion to remand based on those affirmative defenses and cited *St. Louis Heart Center, Inc. v. Nomax*, 899 F.3d 500 (8th Cir. 2018) in support of its motion. In *Nomax*, the defendant removed the lawsuit to federal court and then moved to dismiss the complaint for lack of Article III standing. The Eighth Circuit held that the plaintiff lacked Article III standing but concluded that the proper disposition of the matter was to remand it to state court pursuant to 28 U.S.C. § 1447(c). Plaintiff asserts that this principle applies to the instant case, arguing that "Defendants should not be able to invoke federal subject matter jurisdiction in a particular [Telephone Consumer Protection Act] case and then take the inconsistent position that the claims against them should be dismissed for lack of subject matter jurisdiction." (Doc. No. 23 at 4).

Defendants respond that Plaintiff's motion to remand is premature because, unlike *Nomax*, there is no contested factual challenge to subject matter jurisdiction presently before the Court. Defendants argue that no motion to dismiss has been filed, nor has any evidence been presented regarding the question of standing in this case.

## II. Discussion

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are resolved in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007).

2

Here, the Court concludes that the motion to remand is premature. Although the Court may review its own subject matter jurisdiction sua sponte, *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011), there is nothing before the Court indicating that it lacks jurisdiction over the case. Further, this case is readily distinguishable from *Nomax*. Here, Defendant raises the issue of standing by way of an affirmative defense, which Defendant has the burden to prove and presumably must be developed through discovery. This case is in the early stages of litigation, and discovery has not yet begun. Moreover, unlike *Nomax*, there is no motion to dismiss pending before the Court. Thus, Plaintiff's motion to remand is premature and will be denied without prejudice.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 22) is **DENIED WITHOUT PREJUDICE**.

A Rule 16 Conference will be set by separate order.

Dated this 15th day of October, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE